1    Patrick H. Ballew, WSBA No. 16,939

2    Quinten S. Bowman, WSBA No. 35,064

    Rex B. Stratton, WSBA No. 1,913

3    STRATTON BALLEW PLLC

    213 S. 12th Avenue

4    Yakima, Washington 98902

5    (509) 453-1319

    Attorneys for Plaintiffs' and Third Party

6    Defendant

7

The Honorable Lonny R. Suko

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 1 1 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

8           UNITED STATES DISTRICT COURT

           EASTERN DISTRICT OF WASHINGTON

9    VAN WELL NURSERY, INC., a

    Washington corporation, HILLTOP

10   NURSERIES, LLC, a Michigan limited

    liability company,

11

                 Plaintiffs,

12

    v.

13

14   MONY LIFE INSURANCE COMPANY, a

    New York corporation; A/B HOP FARMS,

15   INC., a Washington corporation;

    BENNETT G. BRULOTTE and TRACY

16   A. BRULOTTE, individually and their

    marital community, WALLA WALLA

17   PARCEL NO. 31-07-23-11-00-02;

18                Defendants.

19

    MONY LIFE INS. CO., a N.Y. corp.,

20

21             Third Party Plaintiff,

    v.

22

23   NATIONAL LICENSING ASSOC., LLC,

    a Washington limited liability company

24   (f/k/a NURSERY LICENSING ASSOC.,

25   LLC),

26            Third Party Defendant.

27

CAUSE NO. CV-04-0245-LRS

STIPULATED
ORDER GOVERNING
CONFIDENTIALITY

STIPULATED ORDER GOVERNING CONFIDENTIALITY

Page 1 of 14

STRATTON BALLEW PLLC
213 S. 12TH AVENUE
YAKIMA, WASHINGTON 98902
TEL· (509) 453-1319 · FAX: (509) 453-4704

# STIPULATED ORDER GOVERNING CONFIDENTIALITY

This case having been designated by one or more of the parties as a matter involving intellectual property and requiring, during discovery and during trial, the disclosure of proprietary or trade secret information, as well as confidential business information, and it appearing to the Court that such designation should be approved, it is accordingly ORDERED:

1. **CONFIDENTIAL INFORMATION.** Any document produced by any party herein to any other party herein may be designated as confidential within the meaning of this order by stamping the word "CONFIDENTIAL" upon the face of such documents. Other information provided through discovery may be similarly designated as "CONFIDENTIAL." Any document designated "CONFIDENTIAL" and all information contained in the document (collectively *CONFIDENTIAL INFORMATION*), shall not be utilized by any opposing party, or the party's agents or employees, except as permitted by the terms of this Order.

2. **CONFIDENTIAL ATTORNEY'S EYES ONLY.** To protect against the unnecessary disclosure of particularly sensitive information, any party may also designate in writing or by clearly designating portions of CONFIDENTIAL INFORMATION as "CONFIDENTIAL ATTORNEY'S EYES ONLY" (*CONFIDENTIAL ATTORNEY'S EYES ONLY*). CONFIDENTIAL ATTORNEY'S EYES ONLY material may not be disclosed to any person other

STRATTON BALLEW PLLC
213 S. 12TH AVENUE
YAKIMA, WASHINGTON 98902
TEL· (509) 453-1319 · FAX· (509) 453-4704

than counsel or counsel's third-party independent expert witness without either obtaining the consent of the party which produced such material, or after compliance with the procedures set forth in Paragraph 5, *Decertification*, regarding objections to confidentiality designations. If CONFIDENTIAL ATTORNEY'S EYES ONLY is to be shared with a third-party independent expert witness, that witness must first sign a confidentiality agreement in the form contained in Paragraph 7. CONFIDENTIAL ATTORNEY'S EYES ONLY is to be considered a subset of CONFIDENTIAL INFORMATION, as described in Paragraph 1 of this Agreement; unless this Agreement specifically states to the contrary, all provisions of this Agreement relating to CONFIDENTIAL INFORMATION shall also apply to CONFIDENTIAL ATTORNEY'S EYES ONLY.

    3.    **Deposition and Trial Testimony.** Deposition and trial testimony may be designated either "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" at the time the testimony is taken.

    (i)    **Deposition.** From the time of any deposition until thirty (30) days after receipt of the transcript, the entire deposition will be treated as CONFIDENTIAL INFORMATION. Within thirty (30) days of receipt of the transcript, by a written notice to all other parties, the party must identify the specific pages of the transcript it chooses to be designated either "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL ATTORNEY'S

STIPULATED ORDER GOVERNING CONFIDENTIALITY

Page 3 of 14

STRATTON BALLEW PLLC
213 S. 12TH AVENUE
YAKIMA, WASHINGTON 98902
TEL· (509) 453-1319 • FAX: (509) 453-4704

1 EYES ONLY". After designation, only pages designated as CONFIDENTIAL

2 INFORMATION will continue to be subject to this agreement. In the event that

3
4 during the course of a deposition CONFIDENTIAL INFORMATION is to be

5 either presented to or solicited from any person, then only counsel for each party,

6 as well as third party experts for each party, is allowed to remain in the room. In

7
8 the event that CONFIDENTIAL ATTORNEY'S EYES ONLY is solicited in a

9 deposition, by means of either live testimony or an exhibit, the room shall be

10 cleared of all spectators and all parties excepting the party offering the evidence.

11
12     (ii)    **Trial.** Evidence may be presented at trial that has either been

13 designated by either party as either "CONFIDENTIAL INFORMATION" as

14
15 described in Paragraph 1 or "CONFIDENTIAL ATTORNEY'S EYES ONLY" as

16 described in Paragraph 2. In the event that CONFIDENTIAL INFORMATION is

17 offered at trial, whether by live testimony or the production of exhibits, the

18
19 courtroom shall be cleared of all persons except parties, counsel for parties and

20 witnesses who have signed a confidentiality agreement in the form provided in

21 Paragraph 7. In the event that CONFIDENTIAL ATTORNEY'S EYES ONLY

22
23 information is offered at trial, either through live testimony or as an exhibit, with

24 the permission of the Court the courtroom shall be cleared of all spectators and all

25 parties excepting the party offering the evidence. Counsel for each party, as well as

26
27 third party experts for each party, are allowed to remain in the courtroom.

STIPULATED ORDER GOVERNING CONFIDENTIALITY

Page 4 of 14

STRATTON BALLEW PLLC
213 S. 12TH AVENUE
YAKIMA, WASHINGTON 98902
TEL· (509) 453-1319 • FAX· (509) 453-4704

4.    **Identification of Persons.**

(i)    CONFIDENTIAL INFORMATION shall not be disclosed to any person other than: (1) inside and outside counsel for any party to this proceeding, including necessary paralegal, secretarial and clerical personnel assisting counsel; (2) the principal parties; (3) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel (e.g., court reporters); (4) trial or deposition witnesses employed or retained by any party producing the CONFIDENTIAL INFORMATION; (5) *bona fide* experts (and their employees) employed or retained with respect to this action by any party or their counsel; and (6) this Court. CONFIDENTIAL INFORMATION received by any person in the above-numbered categories shall be used only for purposes of this litigation and for no other purpose.

(ii)    CONFIDENTIAL ATTORNEY'S EYES ONLY shall not be disclosed to any person other than: (1) inside and outside counsel for any party to this proceeding, including necessary paralegal, secretarial and clerical personnel assisting counsel; (2) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel (e.g., court reporters); (3) trial or deposition witnesses employed or retained by any party producing the CONFIDENTIAL ATTORNEY'S EYES ONLY; (4) *bona fide* experts (and their employees) employed or retained with respect to this action by

STIPULATED ORDER GOVERNING CONFIDENTIALITY

Page 5 of 14

STRATTON BALLEW PLLC
213 S. 12TH AVENUE
YAKIMA, WASHINGTON 98902
TEL· (509) 453-1319 • FAX· (509) 453-4704

any party or their counsel; and (5) this Court. CONFIDENTIAL ATTORNEY'S EYES ONLY received by any person in the above-numbered categories shall be used only for purposes of this litigation and for no other purpose.

   5.   **Decertification.** Nothing in this Protective Order shall prevent a receiving party from contending that any or all CONFIDENTIAL INFORMATION is not confidential. Any receiving party may, at any time, request the producing party to cancel the CONFIDENTIAL INFORMATION designation with respect to any document, object and/or information, and to agree that thereafter such document, object and/or information is to be no longer subject to the provisions of this Order. Additionally, any receiving party may, at any time, request that the CONFIDENTIAL ATTORNEY'S EYES ONLY designation of any document be cancelled or changed to CONFIDENTIAL INFORMATION. Such requests shall be written, shall be served on counsel for the producing party and shall particularly identify the CONFIDENTIAL INFORMATION which the receiving party contends is not confidential and the reasons supporting its contentions. Such request will become effective thirty (30) days after the request is served on the producing party unless the producing party moves for a further Protective Order. If a motion for a further Protective Order is served within the thirty (30)-day period, the document or information for which confidentiality is in

STIPULATED ORDER GOVERNING CONFIDENTIALITY

Page 6 of 14

**STRATTON BALLEW** PLLC
213 S. 12TH AVENUE
YAKIMA, WASHINGTON 98902
TEL: (509) 453-1319 • FAX: (509) 453-4704

1    dispute shall remain subject to this Protective Order until the motion is considered

2    by the Court.

3

4        6.     **Nonacquiescence.** A failure of a receiving party to challenge a claim

5    of confidentiality shall not constitute acquiescence to such claim if a question of

6    compliance with this Order is subsequently raised.

7

8        7.     **Confidentiality Agreement.** All employees, consultants, witnesses,

9    or their employees who, in the course of this case, see or hear of any documents

10    produced in the litigation, or any other matters containing CONFIDENTIAL

11

12    INFORMATION or who have access to any such documents or matters, shall be

13    required to sign a confidential agreement in the following form:

14

> I, _____, have read a copy of the Protective Order Governing Confidentiality entered in this case. I recognize that during my participation in the handling and development of this case I may have occasion to read or hear of documents produced in this litigation, or matters which are designated "CONFIDENTIAL". I agree to use any such documents and matters solely in connection with my participation in this case and for no other purpose. I recognize that during my participation in the handling and development of this case I may have occasion to read or hear of documents produced in this litigation, or matters which are designated "CONFIDENTIAL ATTORNEY'S EYES ONLY". I agree that, in addition to using such information solely in connection with my participation in this case, I will under no circumstances disclose such information to any person except counsel who hired me. I agree to abide by said Protective Order Governing Confidentiality in every respect.

> Date:_____     _____
>                                     Signature

**STRATTON BALLEW** PLLC
213 S. 12TH AVENUE
YAKIMA, WASHINGTON 98902
TEL: (509) 453-1319 • FAX: (509) 453-4704

Counsel for each party shall collect the signed confidentiality agreements and retain them until the conclusion of the case, at which time copies shall be sent to all parties.

8.    **Other Persons.** If this Court, for any reason, orders that CONFIDENTIAL INFORMATION shall be made available to persons not described in Paragraph 4, *Identification of Persons*, above, the CONFIDENTIAL INFORMATION shall be accessible or disseminated to those persons subject to this Protective Order, and they shall be considered subject to it.

9.    **Unauthorized Disclosure.** If CONFIDENTIAL INFORMATION is disclosed to any person other than in a manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of counsel for each party and the Court, and without prejudice to other rights and remedies of any party may have under this Protective Order or generally, the person responsible for the unauthorized disclosure shall make every effort to prevent any further disclosure of the CONFIDENTIAL INFORMATION by the person who was the recipient of such information.

10.    **Sealed Documents.** If any document containing CONFIDENTIAL INFORMATION produced in this litigation is introduced as an exhibit in this case

**STRATTON BALLEW** PLLC
213 S. 12TH AVENUE
YAKIMA, WASHINGTON 98902
TEL· (509) 453-1319 • FAX· (509) 453-4704

prior to trial, or otherwise placed among the court papers in this case where it may become of public record, the document shall be filed in a sealed envelope or container, marked with the caption of this case, and a notice substantially as follows:

CONFIDENTIAL

This envelope or container holds CONFIDENTIAL INFORMATION and is filed under seal pursuant to the Protective Order and is not to be opened except by direction of the Court or by written consent of [name of party designating the information as Confidential].

At trial, exhibits containing CONFIDENTIAL INFORMATION, at the request of the producing party and with the permission of the Court, shall be filed under seal.

11. **Derivative Papers.** This Protective Order shall apply to all pleadings, discovery papers, briefs, summaries, notes, abstracts, or other documents, including memoranda or work product prepared by counsel, their staff, or authorized outside consultants or experts which comprise, embody, summarize, discuss, or quote from any documents produced in the litigation, or deposition testimony transcripts or any other material which is designated "CONFIDENTIAL."

12. **Reproduction and Copying.** CONFIDENTIAL INFORMATION shall not be copied or reproduced except to the extent that copying or reproduction

STRATTON BALLEW PLLC
213 S. 12TH AVENUE
YAKIMA, WASHINGTON 98902
TEL: (509) 453-1319 • FAX: (509) 453-4704

is reasonably necessary for the conduct of this lawsuit, and all such copies or reproductions shall be marked with the same "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" as the original document. All copies or reproductions of CONFIDENTIAL INFORMATION shall be subject to the terms of this Protective Order.

13. **Admissibility.** Nothing in this Protective Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issues of the status of CONFIDENTIAL INFORMATION documents.

14. **Entry is Without Prejudice.** Entry of this Protective Order is without prejudice to any party seeking an Order from this Court imposing further restrictions on the dissemination of highly confidential documents, or seeking to rescind, modify, alter or amend this Protective Order with respect to specific documents.

15. **Disposition Upon Completion.** After this case is finally completed, including the exhaustion of all appeals, documents designated as CONFIDENTIAL INFORMATION, and all other matters so designated, shall either: (a) be returned to the producing party; or, (b) at the written direction of the producing party, be destroyed, and the party authorized to destroy the documents

STIPULATED ORDER GOVERNING CONFIDENTIALITY

Page 10 of 14

**STRATTON BALLEW** PLLC
213 S. 12TH AVENUE
YAKIMA, WASHINGTON 98902
TEL: (509) 453-1319 • FAX: (509) 453-4704

shall provide a certificate to the producing party attesting to the destruction of the documents.

16.    **Public    Knowledge.**    Notwithstanding    the    designation    of CONFIDENTIAL INFORMATION, any documents or testimony shall not be confidential if a party can establish, on written motion for decertification under Paragraph 5 *Decertification* of this order, that:

(i)        the information at the time of disclosure is in the public domain by publication or otherwise;

(ii)        the information, at any time, through no act or failure to act on the part of the recipient party, becomes part of the public domain by publication or otherwise;

(iii)        the information is already in the possession of any other party at the time of disclosure by the producing party and was not acquired directly or indirectly from the disclosing party; or

(iv)        the information is made available to any party by a third party who obtained the information by legal means and without any obligation of confidence to the party claiming its confidential nature.

17.    **Notice to Others.** The Clerk is ordered to show a copy of this Protective Order to anyone desiring access to any of the court papers of this action. The parties and their attorneys shall inform all witnesses, consultants, employees,

STIPULATED ORDER GOVERNING CONFIDENTIALITY

Page 11 of 14

STRATTON BALLEW PLLC
213 S. 12TH AVENUE
YAKIMA, WASHINGTON 98902
TEL: (509) 453-1319 • FAX: (509) 453-4704

agents, court reporters, or anyone else who may from time to time have access to any CONFIDENTIAL INFORMATION of the substance of this Protective Order.

18. **Nonparty Request.** In the event that any person who is in receipt of another party's CONFIDENTIAL INFORMATION receives a written request, subpoena, or court order seeking disclosure of the other party's CONFIDENTIAL INFORMATION, such person shall immediately notify counsel for the party whose CONFIDENTIAL INFORMATION is sought of the request, subpoena, or court order and provide counsel with a copy of the same.

19. **Survival.** The obligations and duties arising under this Protective Order shall survive the termination of this action. This Court shall retain jurisdiction over the parties to resolve any dispute respecting the improper use of CONFIDENTIAL INFORMATION disclosed under terms of this Protective Order.

20. **Nonparty Production.** If any document, information and/or deposition testimony is obtained from a person or entity not a party to this litigation, such person or entity shall have the same right to designate any document or deposition testimony as CONFIDENTIAL INFORMATION as a party would have, and any document or deposition testimony so designated shall be governed in all respects by this Protective Order, PROVIDED that the nonparty likewise agrees to be bound by the terms of this Protective Order. The terms

STIPULATED ORDER GOVERNING CONFIDENTIALITY

Page 12 of 13

**STRATTON BALLEW** PLLC
213 S. 12^TH^ AVENUE
YAKIMA, WASHINGTON 98902
TEL: (509) 453-1319 • FAX: (509) 453-4704

1  "party" and "parties" shall be deemed to include nonparties to the extent necessary

2  or appropriate to implement the terms of this paragraph.

3

4      21.    **Party's Own Use.** Nothing in this Protective Order shall prevent a

5  party from using or disclosing its own documents or information in any manner,

6  and entry of this Protective Order shall not preclude the parties from mutually

7  agreeing to the use or disclosure of CONFIDENTIAL INFORMATION other than

8

9  as permitted by this Order.

10     22.    **Right to Question.** The parties shall use reasonable care to avoid

11  designating any document or information as "CONFIDENTIAL INFORMATION"

12  which has been published or can otherwise be shown to be in the public domain.

13  This Protective Order is entered without prejudice to the right of any party to bring

14  before the Court by motion the question of whether any particular information is or

15  is not confidential. The person or party asserting confidentiality shall have the

16  burden of establishing the same and the degree of protection required.

17      DATED this 11th day of ~~September, 2005.~~ October

18

19                                      JUDGE LONNY R. SUKO

20  Presented By:

21  STRATTON BALLEW PLLC

22  Attorney for Plaintiffs and Third-Party Defendant

23

24  By: _____

        Patrick H. Ballew, WSBA No. 16939
25      Quinten S. Bowman, WSBA No. 35,064

26

27

STIPULATED ORDER GOVERNING CONFIDENTIALITY

STRATTON BALLEW PLLC
213 S. 12TH AVENUE
YAKIMA, WASHINGTON 98902
TEL: (509) 453-1319 • FAX: (509) 453-4704

Page 13 of 14

SCOTT A. BRUNS, ATTORNEY AT LAW

By: _____ Telephonic Approval

Scott Bruns, WSBA No. 15,060
Attorney for Plaintiffs and Third-Party Defendant


LANE POWELL PC

By _____

Charles R. Ekberg, WSBA No. 00342
David T. Hunter, WSBA No. 12685
Attorneys for Defendant MONY Life Ins. Co.

STRATTON BALLEW PLLC
213 S. 12TH AVENUE
YAKIMA, WASHINGTON 98902
TEL: (509) 453-1319 • FAX: (509) 453-4704