```
 1
 2
 3
 4
 5
 6                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON
 7
 8  VAN WELL NURSERY, INC., a
    Washington Corp., HILLTOP           NO. CV-04-0245-LRS
 9  FRUIT TREES, LLC,

10              Plaintiffs,

11          v.
                                        ORDER DENYING MONY LIFE'S
12  MONY LIFE INSURANCE COMPANY,        MOTION TO COMPEL; DENYING
    a New York corporation; A/B         NLA'S MOTION FOR PROTECTIVE
13  HOP FARMS, INC., a Washington       ORDER; DISMISSING THIRD PARTY
    corporation; BENNETT G.             COMPLAINT
14  BRULOTTE and TRACY A
    BRULOTTE, individually and
15  their marital community;
    WALLA WALLA PARCEL NO. 31-07-
16  23-11-00-02

17              Defendants.
    _____
18
    MONY LIFE INS. CO., a N.Y.
19  corp.,

20          Third-Party Plaintiff,

21
    NATIONAL LICENSING ASSOC.,
22  LLC., a Washington limited
    liability company (f/k/a
23  Nursery Licensing
    Association, LLC),
24
            Third-Party Defendant.
25
26
```

ORDER ~ 1

1  **BEFORE THE COURT** are Defendant and Third-Party Plaintiff Mony Life's
2  Motion to Compel (Ct. Rec. 87) and Third-Party Defendant NLA's Motion for
3  Protective Order (Ct. Rec. 95).  For the foregoing reasons, both motions
4  are **DENIED**.

### BACKGROUND

On July 9, 2004, plaintiffs filed this action for plant patent and trademark infringement, as well as false designation of origin, counterfeiting, unfair competition, and Washington Consumer Protection Act claims.  On September 23, 2004, Mony Life answered the complaint asserting various defenses, affirmative defenses, counterclaims, and a third party complaint against National Licensing Association (NLA). On January 24, 2005, the plaintiff's patent infringement claims asserted against Mony Life were dismissed by entry of summary judgment.  On March 16, 2006, the Court granted a second motion for summary judgment dismissing all remaining claims asserted against Mony Life and granting a majority of the relief sought in Mony Life's first three counterclaims.

Mony Life's remaining counterclaims include:

1. "Inequitable, improper and impermissible" use of United States patents and trademark.  Mony Life's Counterclaim ¶ 4.
2. Unfair business practices pursuant to RCW 19.86.020. Mony Life's Counterclaim ¶ 5.
3. Improper and illegal restraint of trade or commerce pursuant to RCW 19.86.030 and 15 U.S.C. § 1. Mony Life's Counterclaim ¶ 6.

In addition, Mony Life has pleaded the following third party claims against NLA:

ORDER ~ 2

1. Unfair business practices under the Washington Unfair Business Practices/Consumer Protection Act. Mony Life's Third Party Claims ¶¶ 1-5.
2. Improper and illegal restraint of trade or commerce pursuant to RCW 19.86.030 and 15 U.S.C. § 1. Mony Life's Third Party Claims ¶ 6.

**DISCUSSION**

Defendant Mony Life seeks an order compelling the NLA to produce documents, to answer interrogatories, to order the resumption of the 30(b)(6) deposition of the NLA, and to award discovery rule sanctions and attorneys' fees and costs associated with the filing of the motion. When a district court considers a motion to compel, it must evaluate such factors as timeliness, good cause, utility, and materiality. *Farmer v. Brennan,* 81 F.3d 1444, 1449 (7th Cir. 1996). With these factors in mind, the Court denies the motion in its entirety.

In denying the motion, the Court has considered the troublesome timing of the motion. The scheduling order entered on December 6, 2004 required that all discovery be concluded by November 14, 2005. All dispositive motions were due on or before November 21, 2005. Despite Mony Life's having maintained the same defenses, counterclaims, and third party claims in two successive litigations (this case and cause number 02-CV-5077-LRS), for reasons unknown to the Court, the NLA 30(b)(6) deposition *began* on *November 14, 2005.* In addition, Mony Life's *first* requests for production and *first* set of interrogatories to the NLA were served on *October 12* and *October 13, 2005* respectively, making NLA's responses due on the discovery cut off. Fed.R.Civ.P. 33(b)(3), 34(b).

ORDER ~ 3

The timing of Mony Life's pursuit of discovery left Mony Life, dissatisfied with the NLA's discovery responses, with no option but to file its motion to compel after the discovery deadline had expired.  In fact it was filed nearly one month later.  Mony Life has offered no reason to justify its last-minute discovery in this case, only noting that the federal rules technically permit a party to conduct discovery in any sequence.  *Mony Life's Reply in Support of Motion to Compel*, Ct. Rec. 111 at 7.  In addition, given the broad sweeping nature of its discovery requests and the need for a confidentiality order in this case, Mony Life could have and should have anticipated discovery complications.[1]  Finally, there have been no motions or requests for extension of the time for discovery.

---

[1] The Court notes plaintiff *Van Well* also engaged in last-minute discovery, serving contention interrogatories on Mony Life on October 14, 2005. Notably, the NLA inaccurately represents in its memorandum in support of its motion for protective order states that the <u>NLA</u> sent contention interrogatories to Mony Life seeking the a bases for its counterclaims and third-party claims. *See NLA's Memorandum in Support of Motion for Protective Order* at 6. The referenced pleading, attached to NLA's pleadings at Exhibit A, was sent only on behalf of *Plaintiff Van Well*, not the NLA, and those excerpted interrogatories provided only seek information regarding Mony Life's <u>defenses</u>, <u>affirmative defenses</u>, and <u>counterclaims</u> related to Van Well, not its third party claims related to NLA.

ORDER ~ 4

Moreover, the Court's dismissal of all substantive claims asserted against Mony Life in this action has largely eliminated the need for additional discovery pertaining to the NLA in this case. Moreover, the time for discovery has now expired. Fed.R.Civ.P. 14(a) provides for service of a third-party complaint "upon a person not a party to the action who is or may be liable to [the original defendant] for all or part of the plaintiff's claim." Thus, a third-party claim may be asserted only when the third party's liability is in some way dependant on the outcome of the main claim and the third party's liability is secondary or derivative. *U.S. v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983)("It is not sufficient that the third party claim is a related claim; the claim must be derivatively based on the original plaintiffs' claim."). It follows that when the Court granted Mony Life's two summary judgment motions and dismissed the plaintiffs' claims against them, the third party claims necessarily became moot and the court has no jurisdiction to rule on these claims. *Faser v. Sears, Roebuck & Co.,* 674 F.2d 856 (11th Cir. 1982).

Thus the Court is left to question whether Mony Life's discovery sought in the motion to compel would aid in the exploration of a material issue relevant to Mony Life's remaining counterclaims, listed above. The information belatedly sought from NLA goes far beyond the allegations of plaintiffs' now dismissed claims and seeks to obtain a detailed and virtually unlimited examination of NLA's membership, financial underpinnings, past practices, and business operations. No threshold showing has been made for the Court to approve such an

invasive intrusion.  Mony Life has failed to demonstrate or explain the relevancy or need for the information sought as to its counterclaims asserted against plaintiffs.  In addition, it appears the benefits of the discovery sought in the requests for production and interrogatories, at this late stage in the litigation, are outweighed by its burdens.[2]

Accordingly,

**IT IS HEREBY ORDERED**,

1. Mony Life's claims asserted in the Third-Party Complaint are **DISMISSED** as **MOOT.**

2. Mony Life's Motion to Compel and for Sanctions (Ct. Rec. 87) is **DENIED.**

3. NLA's Motion for Protective Order (Ct. Rec. 95) is **DENIED.**

4. All requests for sanctions and/or attorneys' fees and costs associated with the bringing of these motions are **DENIED.**

///
///
///
///
///
///
///

---

[2] As plaintiffs have not at this point moved to dismiss the counterclaims or for summary judgment, Mony Life's counterclaims remain in dispute.

ORDER ~ 6

5. The parties are hereby advised that the failure to comply with the requirements of Local Rule 7.1 and Local Rule 10.1 regarding length and format of pleadings, including the use of 14 point typeface and double-spacing of footnotes, will likely result in the imposition of sanctions or the Court's disregard of the pleading.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this __22nd___ day of March, 2006.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER ~ 7