UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VAN WELL NURSERY, INC., a Washington Corp., HILLTOP FRUIT TREES, LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MONY LIFE INSURANCE COMPANY, a New York corporation; A/B HOP FARMS, INC., a Washington corporation; BENNETT G. BRULOTTE and TRACY A BRULOTTE, individually and their marital community; WALLA WALLA PARCEL NO. 31-07-23-11-00-02<br><br>　　　　Defendants.<br>_____<br>MONY LIFE INS. CO., a N.Y. corp.,<br><br>　　Third-Party Plaintiff,<br><br>NATIONAL LICENSING ASSOC., LLC., a Washington limited liability company (f/k/a Nursery Licensing Association, LLC),<br><br>　　Third-Party Defendant. | NO. CV-04-0245-LRS<br><br>**ORDER GRANTING MONY LIFE'S MOTION FOR RECONSIDERATION** |

ORDER ~ 1

**BEFORE THE COURT** is Defendant and Third-Party Plaintiff Mony Life's Motion for Reconsideration (Ct. Rec. 124) of the Court's March 22, 2006 Order Dismissing Mony Life's Third Party Complaint and Denying Mony's Motion to Compel. Oral argument was held on this matter on April 14, 2006. Scott Bruns appeared on the Plaintiff's behalf and David Hunter and Paul Swanson appeared on behalf of the Defendants. After careful review of the pleadings submitted by all parties and with the benefit of oral argument, this order will memorialize and supplement the oral rulings of the Court, which are incorporated herewith. For the foregoing reasons, Mony Life's Motion for Reconsideration of the Order Dismissing the Third Party Claims against NLA is **GRANTED,** and its Reconsideration of the Motion to Compel is **GRANTED IN PART.**

## BACKGROUND

On July 9, 2004, plaintiffs filed this action for plant patent and trademark infringement, as well as false designation of origin, counterfeiting, unfair competition, and Washington Consumer Protection Act claims. On September 23, 2004, Mony Life answered the complaint asserting various defenses, affirmative defenses, counterclaims, and a third party complaint against National Licensing Association (NLA). On January 24, 2005, the plaintiff's patent infringement claims asserted against Mony Life were dismissed by entry of summary judgment. On March 16, 2006, the Court granted a second motion for summary judgment dismissing all remaining claims asserted against Mony Life and granting a majority of the relief sought in Mony Life's first three counterclaims. On March 22, 2006, the Court dismissed Mony Life's third party claims against NLA and denied Mony Life's motion to compel.

ORDER ~ 2

Mony Life's remaining counterclaims include:

1. "Inequitable, improper and impermissible" use of United States patents and trademark. Mony Life's Counterclaim ¶ 4.
2. Unfair business practices pursuant to RCW 19.86.020. Mony Life's Counterclaim ¶ 5.
3. Improper and illegal restraint of trade or commerce pursuant to RCW 19.86.030 and 15 U.S.C. § 1. Mony Life's Counterclaim ¶ 6.

In addition, Mony Life has pleaded the following third party claims against NLA:

1. Unfair business practices under the Washington Unfair Business Practices/Consumer Protection Act. Mony Life's Third Party Claims ¶¶ 1-5.
2. Improper and illegal restraint of trade or commerce pursuant to RCW 19.86.030 and 15 U.S.C. § 1. Mony Life's Third Party Claims ¶ 6.

**DISCUSSION**

Defendant Mony Life seeks an order reinstating its counterclaims against NLA, and compelling the NLA to produce documents, to answer interrogatories, to order the resumption of the 30(b)(6) deposition of the NLA. When a district court considers a motion to compel, it must evaluate such factors as timeliness, good cause, utility, and materiality. *Farmer v. Brennan,* 81 F.3d 1444, 1449 (7th Cir. 1996). With these factors in mind, the Court **GRANTS THE MOTION IN PART.**

In denying the motion to compel NLA to produce documents and to answer interrogatories, as stated on the record, the Court considered the troublesome timing of the motion. The scheduling order entered on December 6, 2004 required that all discovery be concluded by November 14,

ORDER ~ 3

2005. All dispositive motions were due on or before November 21, 2005. Despite Mony Life's having maintained the same defenses, counterclaims, and third party claims in two successive litigations (this case and cause number 02-CV-5077-LRS), for reasons unknown to the Court, the NLA 30(b)(6) deposition *began* on *November 14, 2005.* In addition, Mony Life's *first* requests for production and *first* set of interrogatories to the NLA were served on *October 12* and *October 13, 2005* respectively, making NLA's responses due on the discovery cut off. Fed.R.Civ.P. 33(b)(3), 34(b). The timing of Mony Life's pursuit of discovery left Mony Life, dissatisfied with the NLA's discovery responses, with no option but to file its motion to compel after the discovery deadline had expired. In fact it was filed nearly one month later. Mony Life has offered no reason to justify its last-minute discovery in this case, only noting that the federal rules technically permit a party to conduct discovery in any sequence. *Mony Life's Reply in Support of Motion to Compel*, Ct. Rec. 111 at 7. In addition, given the broad sweeping nature of its discovery requests, Mony Life could have and should have anticipated discovery complications. Finally, there were no motions or requests for extension of the time for discovery.

Accordingly,

**IT IS HEREBY ORDERED**:

1. Mony Life's Motion for Reconsideration is **GRANTED** to the extent that it deals with counterclaims against NLA, which Mony originally filed against NLA in the previously dismissed action, (cause number 02-CV-5077-LRS). The Court ruled that those counterclaims could be consolidated with this case through the use of third party pleading procedure.

ORDER ~ 4

1    2. Discovery in this case is **closed** and will not be re-opened. However, Mony Life's Motion to Compel is **GRANTED** with respect to the deposition of Mr. Stratton. Mr. Stratton's deposition may be supplemented. The additional deposition time will take place at a time mutually agreeable to all parties in Seattle, Washington. The deposition time **WILL NOT EXCEED THREE HOURS**, excluding breaks.

3. The issue of attorney's fees remains in this case and will be decided by this Court at a later time.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this 18th day of May, 2006.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER ~ 5