UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

VAN WELL NURSERY, INC., a
Washington Corp., HILLTOP
FRUIT TREES, LLC,

                Plaintiffs,

        v.

MONY LIFE INSURANCE COMPANY,
a New York corporation; A/B
HOP FARMS, INC., a Washington
corporation; BENNETT G.
BRULOTTE and TRACY A
BRULOTTE, individually and
their marital community;
WALLA WALLA PARCEL NO. 31-07-
23-11-00-02

                Defendants.

_____

MONY LIFE INS. CO., a N.Y.
corp.,

       Third-Party Plaintiff,


NATIONAL LICENSING ASSOC.,
LLC., a Washington limited
liability company (f/k/a
Nursery Licensing
Association, LLC),

       Third-Party Defendant.

NO. CV-04-0245-LRS

**ORDER DENYING MOTION FOR
RECONSIDERATION**

ORDER DENYING MOTION FOR RECONSIDERATION - 1

**BEFORE THE COURT** is a motion for partial reconsideration of this Court's January 24, 2005 order, filed December 1, 2006 by Hilltop Fruit Trees, Hilltop Nurseries, and Van Well Nurseries. (Ct. Rec. 150).

I.    BACKGROUND

On July 9, 2004, plaintiffs filed this action for plant patent and trademark infringement, as well as false designation of origin, counterfeiting, unfair competition, and Washington Consumer Protection Act claims. On September 23, 2004, Mony Life answered the complaint asserting various defenses, affirmative defenses, counterclaims, and a third party complaint against National Licensing Association (NLA). On January 24, 2005, the plaintiff's patent infringement claims asserted against Mony Life were dismissed by entry of summary judgment. Specifically, the nurseries and NLA are asking this Court to reconsider the following language from the January 24, 2005 order:

> C. Validity of Mony Life's Lien Interest
> Finally, in and (sic) effort to save its claim in response to Mony Life's cross motion for summary judgment, Van Well requests this Court declare that Mony Life never held a valid lien interest in any of the allegedly infringing trees. It requests Mony's lien interests be voided and the infringing trees ordered destroyed. Relying primarily upon law derived from copyright cases, Mony Life argues that Mony's state lien rights are void as conflicting against federal intellectual property law. Van Well's request has no support in the law of patents and as pointed out by Mony patents and copyrights are fundamentally different. The Court declines to expand patent law in the manner that Van Well requests." (Ct. Rec. 52 at 15).

ORDER DENYING MOTION FOR RECONSIDERATION - 2

On February 5, 2007, during the pendency of this motion, plaintiffs Van Well Nursery, Inc., and Hilltop Fruit Trees, LLC ("Nurseries") and defendant MONY Life Insurance Co. entered a stipulation pursuant to Fed. R. Civ. P. 41(a)(2) that the claims and counter-claims asserted against each other in the above-entitled matter be dismissed with prejudice and without attorneys' fees or costs to any party.  Ct. Rec. 174.  The stipulation has been entered by the Court.  (Ct. Rec. 182).

**II. DISCUSSION**

The Federal Rules of Civil Procedure do not expressly allow for motions for reconsideration.  Nevertheless, a motion for reconsideration of judgment may be brought under either Rule 59(e) or Rule 60(b).  *See Hinton v. Pacific Enter.*, 5 F.3d 391, 395 (9th Cir. 1993) (motion for reconsideration of summary judgment is appropriately brought under either rule).  When a motion for reconsideration does not identify the Rule under which it was filed, courts in the Ninth Circuit construe it as filed under Rule 59(e) if it was filed within ten days of the filing of the judgment.  *Shapiro v. Paradise Valley Unified Sch. Dist. No. 69,* 374 F.3d 857, 863 (9th Cir. 2004); *Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892,898-99 (9th Cir. 2001).  The courts also provide for motions for reconsideration before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case. *U.S. v. Desert Gold Mining Co.,* 433 F.2d 713, 715 (1970).  Because

ORDER DENYING MOTION FOR RECONSIDERATION - 3

this motion was filed nearly two years since this Court's January 24, 2005 order, the motion for reconsideration fits within the second category.

Motions for reconsideration offer an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mony Life argues that this motion for reconsideration is untimely because it was filed nearly two years after the Court's order. (Ct. Rec. 158 at 3.) The Court notes that a motion for reconsideration can be brought before the entry of judgment adjudicating all of the claims in a case. However, without considering the timeliness of the motion, the Nurseries' motion for reconsideration fails.

**A.   Standard for Reconsideration**

Absent exceptional circumstances, only three types of arguments provide an appropriate basis for a motion for reconsideration: arguments based on newly discovered evidence, arguments that the court has committed clear error, and arguments based on "an intervening change in the controlling law." *89 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

The Nurseries have failed in their briefing to demonstrate that the Court committed clear error or that there is an intervening change

///

///

ORDER DENYING MOTION FOR RECONSIDERATION - 4

in the law.[1]  Moreover, the nurseries arguably seek not a reconsideration, but instead an advisory opinion.  As the defendants properly argue, in the present litigation, all of the Nurseries' claims have been settled/dismissed. (Ct. Rec. 182.)  The portion of the order which the nurseries ask the Court to reconsider dealt primarily with Van Well, which has settled.

**B.    Advisory Opinions**

For all practical purposes, the Nurseries are no longer part of the litigation currently before the Court.  In essence, they together with NLA seek an advisory opinion that asks this judicial officer to speculate on facts not before this Court, but which may come before a different court at another time.  Advisory opinions are generally disfavored. *Steel Co v. Citizens for a Better Environment,* 523 U.S. 83, 122(1998) (Stevens' concurring opinion).

For the reasons stated above, **IT IS HEREBY ORDERED** that the Nurseries' Motion for Reconsideration (Ct. Rec. 150) is **DENIED**.

///

///

///

---

[1]Plaintiffs do not suggest that the Court's summary of their contentions contained in the January 24, 2005 order (Ct. Rec. 52) were incorrect.  Plaintiffs and the third party defendant by their arguments at that time in essence invited the Court to speak to the priority issue which had been raised.

ORDER DENYING MOTION FOR RECONSIDERATION - 5

1    **IT IS SO ORDERED**.   The District Court executive is directed to

2    enter this order and provide copies to counsel.

3    **DATED** this 8th day of March, 2007.

4

5                                    *s/Lonny R. Suko*

6    _____
                               LONNY R. SUKO
7              UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING MOTION FOR RECONSIDERATION - 6